[Cite as *In re V.B.*, 2014-Ohio-5492.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


IN THE MATTER OF:                    :
                                                          CASE NO.   CA2014-05-008
            V.B.                              :
                                                               O P I N I O N
                                              :                12/15/2014

                                              :

                                              :


APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 14PV0131


Susan R. Wollscheid, P.O. Box 841, Washington C.H., Ohio 43160, for appellee V.B.

Jess C. Weade and James B. Roach, 110 East Court Street, Washington C.H., Ohio 43160, for appellant, Fayette County Department of Job & Family Services


            **M. POWELL, J.**

            {¶ 1}   Appellant, Fayette County Department of Job and Family Services (FCDJFS), appeals a decision of the Fayette County Court of Common Pleas, Juvenile Division, ordering that V.B., a delinquent juvenile, be placed in a specific residential treatment facility.[1]

            {¶ 2}   In March 2014, a probation violation was filed against V.B. after she left her foster parents' home without permission.   V.B. admitted violating her probation.   A

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar.

dispositional hearing was held on April 24, 2014. At the time of the probation violation and the dispositional hearing, V.B. was in the temporary custody of FCDJFS.

{¶ 3} During the hearing, V.B.'s need for mental health and substance abuse counseling and treatment was generally discussed. However, there was no discussion as to where V.B. would receive such counseling and treatment and what level of treatment was appropriate. At the close of the hearing, the juvenile court told V.B., "You're going to get counseling and or treatment as directed by the probation department," then told V.B.'s probation officer, "I'm going to leave that up to you to determine what we need to get done and what we can get her into." After FCDJFS told the court it would try to set up the counseling and treatment near V.B.'s foster home, the court suggested FCDJFS coordinate its efforts with the probation officer.

{¶ 4} By judgment entry filed on April 28, 2014, the juvenile court ordered V.B. to "attend counseling and/or treatment as directed." Later that day, the juvenile court issued a second judgment entry that stated: "Pursuant to the Judgment Entry journalized on April 28, 2014 ordering counseling and treatment as directed, the Court hereby Orders [V.B.] to the Bassett House treatment program with release dependent upon completion of said program."

{¶ 5} FCDJFS appeals, raising one assignment of error:

{¶ 6} THE TRIAL COURT ERRED BY EXCEEDING ITS STATUTORY AUTHORITY AND ENCROACHING ON THE POWERS OF FCDJFS BY ORDERING THE PLACEMENT OF V.B. AT BASSETT HOUSE, A SPECIFIC RESIDENTIAL TREATMENT FACILITY, WHILE THE CHILD WAS IN THE TEMPORARY CUSTODY OF FCDJFS.

{¶ 7} FCDJFS argues that although the juvenile court has broad authority under R.C. 2152.19 to make disposition orders regarding delinquent juveniles, and had the authority to order that V.B. receive counseling and treatment, the court exceeded its authority and encroached upon the authority of FCDJFS to make placement decisions when it ordered that

- 2 -

V.B. be placed into a specific residential treatment facility. FCDJFS asserts that because it has temporary legal custody of V.B., FCDJFS has the power and duty to determine where and with whom V.B. shall be placed. FCDJFS cites *In re J.D.*, 172 Ohio App.3d 288, 2007-Ohio-3279 (10th Dist.), in support of its argument.

{¶ 8} Juvenile courts are courts of limited jurisdiction whose powers are created solely by statute. *In re S.M.*, 12th Dist. Madison No. CA2009-02-008, 2009-Ohio-4677, ¶ 14, citing *Carnes v. Kemp*, 104 Ohio St.3d 629, 2004-Ohio-7107. R.C. Chapter 2152 outlines a juvenile court's authority to make disposition orders regarding delinquent children. If a child is adjudicated delinquent, R.C. 2152.19(A) allows the court, "in addition to any other disposition authorized or required by [R.C. Chapter 2152]," to make disposition orders such as (1) any order allowed by R.C. 2151.353 for abused, neglected, or dependent children, (2) commit the child to the temporary custody of any institution or other facility operated for the care of delinquent children by the county, (3) place the child on community control under any sanctions, services, and conditions that the court prescribes, including "a period in an alcohol or drug treatment program with a level of security for the child as determined necessary by the court, and (4) "make any further disposition that the court finds proper[.]" R.C. 2152.19(A)(1), (2), (4)(g), and (8).

{¶ 9} Despite the broad discretionary power granted to the juvenile court under R.C. 2152.19(A)(8) (the "catch-all provision"), many Ohio courts have noted that the court's discretion is not unlimited; rather, a juvenile court's authority to make any further disposition order is confined to a choice of dispositions provided for in other statutes of the Juvenile Code. *In re J.D.*, 2007-Ohio-3279 at ¶ 18; *In re K.H.*, 4th Dist. Washington No. 09CA35, 2009-Ohio-7070, ¶ 27; *State v. Grady,* 3 Ohio App.3d 174, 176 (8th Dist.1991); *In re Chinkin*, 12th Dist. Warren No. CA91-09-071, 1992 WL 86498, *2 (Apr. 27, 1992).

{¶ 10} In *In re J.D.*, the issue before the Tenth Appellate District was whether the

juvenile court had the statutory authority under R.C. 2152.19 to order Franklin County Children Services (the agency) to place J.D., a delinquent minor, in a specific residential treatment facility after granting the agency temporary legal custody of the child. The agency argued that while the juvenile court had the authority to order the agency to place a juvenile in an unspecified residential facility for treatment, and had the authority to directly place a juvenile in a specific facility under R.C. 2152.19(A)(2), the juvenile court exceeded its statutory authority when it instructed the agency to place the minor in a specific facility once the court had placed the minor in the custody of the agency.

{¶ 11} The Tenth Appellate District reversed the decision of the juvenile court, finding that, although the juvenile court can order a delinquent child in the custody of children services to be placed in a residential treatment facility, it could not specify which facility, and thus, the court's disposition regarding the minor fell outside its statutory authority. *In re J.D.*, 2007-Ohio-3279 at ¶ 15, 18. The appellate court noted that by placing the minor in the temporary custody of the agency, the juvenile court gave the agency legal custody of the minor. *Id.* at ¶ 15. "R.C. 2151.011(B)(19) defines 'legal custody' as a 'legal status that vests in the custodian the right to have physical care and control of the child *and to determine where and with whom the child shall live,*' including 'the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities.'" (Emphasis sic.) *Id.*

{¶ 12} The Tenth Appellate District also noted that no statutory authority existed for a juvenile court to determine the specific placement. *Id.* at ¶ 16. Consequently, the appellate court held that:

> When legal custody is granted to FCCS, decisions related to normal incidents of custody are committed to the discretion of the agency. Stated another way, when the juvenile court grants custody of a child to FCCS, with custody goes the authority to determine the child's specific placement. How FCCS carries out

its statutory obligations is an administrative decision based upon the child's needs and the budgetary confines within which the agency must operate.

Our conclusion is consistent with the definition of "legal custody." To interpret the statute as the state urges would transform the juvenile court's broad discretion into unfettered discretion and vitiate the notion of legal custody by allowing the court to dictate to the custodian how to implement the custodian's legal responsibilities. Although R.C. 2152.19(A) specifically allows the juvenile court to make any other disposition authorized or required by R.C. Chapter 2152, nothing in R.C. Chapter 2152 authorizes or requires the juvenile court to order FCCS where to place a child after relinquishing custody to FCCS. Accordingly, we conclude the catchall provision, while indisputably broad, allows the juvenile court to make "any further disposition" consistent with the choices of dispositions provided to the court in the juvenile statutes. To that end, when the juvenile court commits a child to the custody of an agency such as FCCS, the statutes at issue give the agency, not the court, the discretion to determine at what facility to place the child.

\* \* \*

Although courts generally have the right to order an agency to do what it has a legal obligation to do, the courts cannot tell the agency how to fulfill its obligation when the means of fulfilling that obligation are within the agency's discretion.

*Id.* at ¶ 17, 18, and 21.

{¶ 13} We find the reasoning and analysis of the Tenth Appellate District in *In re J.D.* to be persuasive.[2] In the case at bar, at the time the juvenile court issued its judgment entries on April 28, 2014, FCDJFS had temporary legal custody of V.B. and thus, had the authority and right to determine where and with whom V.B. should live. While the juvenile

---

2. In 2007, we declined to apply *In re J.D.*, 2007-Ohio-3279, in *In re S.M.*, 2009-Ohio-4677, a case in which foster parents appealed the juvenile court's denial of their motion to prevent the removal of a foster child from their home, following the discovery that the foster father had a previous criminal history involving sex-related offenses. At the time of the juvenile court's decision, the children services agency had permanent custody of the child. We declined to apply *In re J.D.* on the ground that pursuant to R.C. 2151.417(A), a juvenile court has specific statutory authority to review a children services agency's placement or custodial arrangements of a child when the agency had permanent custody of the child. *In re S.M.*, 2009-Ohio-4677 at ¶ 15-16. Specifically, we held that "Unlike *J.D.*, in this instance, specific statutory authority exists for a juvenile court to review the agency's placement of the child. Although [the agency] has legal custody of S.M. and the right to determine where the child should be placed after a court granted permanent custody to the agency, the agency's authority is not unfettered." *Id.* at ¶ 16.

- 5 -

court had the statutory authority to order that V.B. "attend counseling and/or treatment," it did not have the statutory authority to order that V.B. be placed in a specific residential treatment facility, to wit Bassett House.

{¶ 14} FCDJFS's assignment of error is accordingly well-taken and sustained. The judgment of the juvenile court is reversed on the basis of *In re J.D.*, 2007-Ohio-3279, and the matter is remanded to the juvenile court for further proceedings consistent with this opinion.

{¶ 15} Judgment reversed and cause remanded.

HENDRICKSON, P.J., and PIPER, J., concur.